SEPT'R TERM, 1841.

Harvey
v.
Renfro.

## HARVEY v. RENFRO.

The statute does not require that a "Petition in debt" should be signed by the plaintiff or his attorney : and if it did, the court might permit the plaintiff or his attorney to sign the petition at the return term, and such permission would be no ground for a continuance.

Appeal from the Circuit Court of Grundy county.

### Ewing for Appellant.

1st. The circuit court erred, in refusing a continuance to defendant upon his motion therefor, after plaintiff's amendment. See Revised Statutes, p. 458, 3d art., 5th and 6th sections.

2d. That the party himself, or a licensed attorney *alone*, has a right to sign any pleading or proceeding. Rev. Statutes, page 458, secs. 5 and 6.

3d. The petition was no declaration at all until properly signed by the party or his attorney.

### Slack for Appellee.

1st. That the petition in debt was in the first instance well and sufficiently signed.

2d. That the amendment was immaterial, and would not entitle the defendant to a continuance.

3d. That it is not required by the statute that a petition in debt should be signed by the plaintiff or his attorney.

*Opinion of the Court by Scott, Judge.*

Harvey
v.
Renfro.

John Renfro brought a petition in debt against Harvey. The petition was signed John Renfro, by William Renfro, agent, and at the return term of the writ, Renfro obtained leave of the court to have the petition signed by his attorney. Harvey then asked for a continuance, that he might have time till the next term to plead to the petition of Renfro. This motion was overruled, and a plea was filed, and the parties went to trial, and a verdict and judgment were obtained by Renfro. Harvey then appealed to this court, and complains of the refusal of the circuit court to grant him a continuance after allowing Renfro to amend his petition. The act for the speedy recovery of debts does not require that the petition in debt should be signed by the plaintiff or his attorney : and if it did, the court properly allowed the amendment. It was not an amendment of a character to produce any surprise to Harvey, and therefore the continuance was properly refused. Let the judgment be affirmed.

The statute does not require that a "petition in debt" should be signed by the plaintiff or his attorney. and if it did, the court might permit the plaintiff or his attorney to sign the petition at the return term, and such permission would be no ground for a continuance.